19 F.3d 1430
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Sandra TALLEY, Plaintiff-Appellant,
v.
TRITON MANAGEMENT COMPANY; Michael W. Haley; Clifford
Haley; Marsha R. Stacy; Mark Rupert; John P.
Szyperski; Rupert Family Trust;
Marital Trust; Richard J.
Tuggle, Defendants-Appellees,
and
MCDONALD'S CORPORATION, Defendant.
 No. 93-1052.
 United States Court of Appeals, Fourth Circuit.
 Argued Feb. 8, 1994.
Decided March 28, 1994.
 
 Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Graham C. Mullen, District Judge. (CA-91-243)
 James H. Wade, WADE & WADE, Charlotte, NC. On brief J.J. Wade, Jr., WADE & WADE, Charlotte, NC, for Appellant.
 Allen C. Smith, Scott MacGreagor Stevenson, HEDRICK, EATMAN, GARDNER & KINCHELOE, Charlotte, NC, for Appellees.
 W.D.N.C.
 AFFIRMED.
 Before PHILLIPS and NIEMEYER, Circuit Judges, and ELLIS, United States District Judge for the Eastern District of Virginia, sitting by designation.
 OPINION
 PER CURIAM:
 
 
 1
 Sandra Talley appeals the jury's verdict for appellees in her personal injury liability trial. Because we find no error, we affirm.
 
 
 2
 On May 27, 1989, Talley and her husband were staying at a Red Roof Inn in Charlotte, North Carolina. That evening, the couple left the Inn and walked to a nearby convenience store where they purchased a bag of ice. After purchasing the ice, Talley and her husband, on their way back to the Inn, walked onto Appellees' property, which included a McDonald's restaurant and a parking lot. Talley testified that she and her husband approached the restaurant's door, intending to enter and purchase food, but then decided that they would first return to the Inn to place the bag of ice in their car. In crossing the restaurant parking lot on their return to the Inn, Talley stepped in a depression in the parking lot, fell, and broke her ankle. Hotly disputed between the parties was whether Talley was an invitee or licensee at the time of the fall. At the conclusion of trial, the jury returned a verdict for the appellees.
 
 
 3
 Talley complains on appeal that the district court committed reversible error in three respects. First, Talley challenges the district court's jury instruction explaining invitee status. The district court read North Carolina Pattern Instruction (civil) 805.50, which states that a person is a invitee if she is "on the premises or the portion thereof in question and at the place of the injury for both her benefit and the benefit of the defendant." Because this instruction accurately reflects North Carolina tort law, the district court did not commit error in giving this instruction.
 
 
 4
 Next, Talley contends that the district court erroneously placed on Talley the burden to establish that she was an invitee. Yet, this burden properly rested with Talley because her status on the property was an element of her case-in-chief, not an affirmative defense, as she claims. The district court, therefore, did not commit error by placing the burden of proof on this issue on Talley.
 
 
 5
 Finally, Talley contends that the district court committed prejudicial and reversible error by allowing defense counsel to read various published North Carolina judicial opinions to the jury in closing argument. Contrary to both parties' assumption, the propriety of reading cases to the jury in closing argument is a matter of federal law, not North Carolina law. And, as a matter of federal law, it is too well settled to require citation that district courts have broad discretion to control the realm of proper discourse in closing argument. The district court's allowance of the reading of cases to the jury in the instant case clearly did not constitute an abuse of this broad discretion.* But even were this not so, the district court's decision in this regard could not constitute reversible error because the cases read by counsel addressed an issue never reached by the jury, namely the standard of care owed to invitees. Because the jury never reached this issue, having determined instead that Tally was a licensee rather than an invitee, any argument made by appellee's counsel concerning the standard of care owed to an invitee could not amount to reversible error.
 
 The judgment is accordingly
 
 6
 AFFIRMED.
 
 
 
 *
 Closing arguments that include readings from published judicial opinions are as rare as they are probably ineffective. But at least as rare is the closing argument that does not argue or refer in some fashion to the governing rules of law. Routine federal jury instructions anticipate this, cautioning the jury to follow the court's instructions rather than the lawyer's legal arguments should there be a conflict. Thus, a typical form federal jury instruction reads as follows:
 Counsel have quite properly referred to some of the governing rules of law in their arguments. If, however, any difference appears to you between the law as stated by counsel and that stated by the court in these instructions, you are of course to be governed by the Court's instructions.
 Devitt, Blackmar, & Wolff, 3 FEDERAL JURY PRACTICE AND INSTRUCTIONS Sec. 71.01 (1987). Although this precise instruction was not given in this case, the district court did indicate that the jury was to apply the law as given by the court in the instructions.